UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- x
DANIEL GUIDO, on behalf of himself and all   :
others similarly situated,                                    :
                                 Plaintiff,      :
                                            :
        -against-                                                   :
                                            :   <ins>ECF CASE</ins>
AMBASSADOR PERSONNEL SERVICES,           :
and FLOWERS FOODS, INC. d/b/a                      :   14cv05004-SJF-GRB
TASTYKAKES,                                                         :
                                 Defendants.    :
------------------------------------- x

**ORDER APPROVING JOINT MOTION FOR FINAL
APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT AND FINAL JUDGMENT**

This matter having come before the Court for hearing on October 13, 2015, pursuant to the Court's Order Granting Joint Motion for Preliminary Approval of Settlement, Certification of Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure, entered April 10, 2015 ("Order Granting Preliminary Approval") (Dkt. 15), upon due and adequate notice having been given to the Class Members, as required in the Order Granting Preliminary Approval, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the Settlement, and otherwise being fully informed and for good cause shown, the Court finds that the Settlement reached by the parties, is fair, reasonable,

adequate, and in the best interests of the Federal and New York Classes as defined in the Court's Order Granting Preliminary Approval, and satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) and Section 216(b) of the Fair Labor Standards Act.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Order Approving the Joint Motion for Final Approval of Class and Collective Action Settlement incorporates by reference the definitions in the Settlement Agreement and all exhibits, attachments and schedules thereto.

2. This Court has jurisdiction over the subject matter of this litigation and over all members of both the Federal Class and the New York Class.

3. After consideration of the evidence, the Court further finds that the mailing and distribution of the Notice of Pendency of Class Action Settlement ("Notice"), together with the Claim, Release and Consent to Join Form ("Claim Form") constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Class Members whose mailing address or other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Section 216(b) of the Fair Labor Standards Act, this Court hereby approves the Settlement, finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of Class members, satisfies the requirements of Federal Rule of Civil Procedure 23(a), directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Joint Motion for Preliminary Approval and the Order Granting Preliminary Approval, and orders all Parties to take the necessary steps to effectuate the Settlement.

5.     The Court hereby approves the following findings of fact:

A.     Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate information and documents to fully and fairly evaluate the claims and defenses asserted by the parties in this litigation and has abundant information on which to make an informed decision about the Settlement.

B.     Class Counsel, counsel for Defendants, and the mediator worked diligently and reasonably to create a settlement distribution which is part of the Settlement and is explained in the Notice to Class members. The distribution is fair, reasonable and equitable.

  C. The Settlement provides for a claims-made, reversionary Settlement, which has an aggregate value of not more than $12,139.87 for the claims of the Class Members. Each Class Member who files a claim will receive an amount based on 2.75 hours of unpaid overtime worked for each week during 2012 and 2013 that the Class Member was paid on a flat rate basis using the agreed-upon formula, and an award of liquidated damages. The number of weeks that each Class Member was paid on a flat rate basis during 2012 and 2013 is attached as Attachment 4 to the Declaration of Kevin Hishta, Exhibit A to the Joint Memorandum of Law in Support of Joint Motion for Preliminary Approval (Dkt. 14-1).

  D. The Settlement also provides for a payment of an additional $4,005.05 by Defendants as attorneys' fees to Class Counsel. This constitutes approximately 25% of the Settlement Fund.

  E. The Settlement eliminates the risks inherent in continuing the litigation in this case, including the risk that there could eventually be no monetary recovery for any Class Member.

  F. Given the disputed issues of fact and law and the risks to the Class Members and the further delay that would be entailed in continued litigation, including a potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable and in the best interests of the Class Members.

G.  Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trial and appeals and the expected duration of litigation, the terms and amount offered in the Settlement are highly favorable.

H.  Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for the named Plaintiff and the Class Members. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar actions. Defendants' counsel likewise has extensive experience in this area and they, too, believe the Settlement is fair and reasonable.

I.  The Settlement is the result of an extensive arm's length adversarial negotiation and mediation process. The parties engaged in mediation with a Court-appointed mediator, who is well-recognized and highly-experienced.

J.  Both parties represented the interests of their clients vigorously and devoted a considerable amount of time, effort and resources to secure the terms of the Settlement, including the plan of allocation and distribution to ensure a fair, adequate and equitable distribution.

6.  The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable

requirements of the Federal Rules of Civil Procedure and any other applicable law or due process requirements. The Parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment.

7. The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement is final and non-appealable. As set forth in the Agreement, Defendants shall take all reasonable and diligent steps to pay all Class Members who submitted timely Claim Forms in accordance with the distribution formula and the terms of the Settlement.

8. Plaintiff's request for attorneys' fees is granted. Defendants are hereby ordered to pay Class Counsels' attorneys' fees in the amount of $4,005.05. Such amounts shall be paid to Class Counsel within ten (10) days of the entry of this Order and Final Judgment.

9. The named Plaintiff and all members of the New York Class and Federal Class shall be bound by all of the terms, obligations and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

10. Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegation in this action or of any liability, fault, or wrongdoing of any kind.

11.     Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58, consistent with the terms of the Settlement Agreement.

12.     All claims against Defendants Ambassador Personnel Services and Flowers Foods, Inc. d/b/a Tastykakes in this action are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the parties' Settlement and over the administration and distribution of Settlement benefits.

ORDERED THIS _____ Day of _____, 2015.

_____

The Honorable SANDRA J. FUERSTEIN, U.S.D.J

7